U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

**JUN 23 2011**

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| RICK HOLMAN | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| First Revenue Assurance, LLC, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

Case No.: 11-5152

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices)

## COMPLAINT

COMES NOW the Plaintiff, RICK HOLMAN, by and through her attorney, Jennifer Lueker DuCharme of the Wayne Young Law Firm, and for his Complaint against First Revenue Assurance, LLC, (hereinafter "FRA") and states and allege as follows:

### JURISDICTION

1.  Jurisdiction of this Court arises under 15 U.S.C § 1692(k) (d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, and 28 U.S.C. § 1367, which grants this court supplemental jurisdiction over the state claims contained therein.

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") as well as Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

3.  Defendant conduct business in the state of Arkansas, and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Rogers, Benton County, Arkansas. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant FRA is a foreign limited liability company who is a debt collection company doing business in Arkansas with its foreign address located at 1105 North Market Street, Suite 1150, Wilmington, Delaware. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(6), and sought to collect a consumer debt from Plaintiffs.

7. Defendant FRA acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS and PROCEDURAL HISTORY

8. These allegations involve debt collection activity beginning on or about October 10, 2009 and continuing through at least March 1, 2010. Plaintiff asserts he has never been notified of the original creditor of this debt, his business relationship related to the debt or the amount of debt allegedly owed.

9. On April 30, 2010, Plaintiff's filed a Complaint against FRA in the District Court of Benton County, Arkansas, Rogers Division. On June 2, 2010, the Defendant filed an Answer via its legal counsel and the case was transferred to civil court. On June 23, the Court entered an Order to Dismiss *without prejudice*. This suit is brought pursuant to the Arkansas Savings Statute, Arkansas Code Annotated 16-56-126.

10. Since October 2009, Defendant FRA has repeatedly employed unfair and deceptive practices in an unlawful attempt to collect an alleged debt owed by Plaintiff.

11. Since October 10, 2009, Defendant FRA placed at least twenty-eight (28) auto-dialed calls to Plaintiff's residential telephone from at least the following four (4) different phone numbers: (800) 681-5823; (303) 595-8100; (303) 595-4400; (800) 554-5822.

12. Defendant FRA failed at all times to provide information regarding notice as required by the

FDCPA. Specifically, FRA failed to identify itself, the original creditor, the amount of the alleged debt, and in at least one recorded call failed to state that the communication was related to the collection of debt (i.e. "mini Miranda notice").

13. On at least twenty-five (25) occasions Defendant FRA contacted Plaintiff and failed to leave any identifying information whatsoever.

14. On at least three (3) occasions Defendant FRA left unlawful pre-recorded messages on Plaintiff's voicemail, one of which illegally mentions the existence of a debt. Said phone message was recklessly left on an answering machine which had not been answered in months and which the caller had no way of ensuring that a third party would not overhear. On at least one of these three occasions, the Defendant failed to identify itself and stated that Plaintiff should contact "me."

15. Defendant FRA continued to make these phone communications without any established business relationship or express prior consent.

16. On February 12, 2010, the Plaintiff received two calls from a toll-free number assigned to FRA, (800)-554-5822. The caller allowed the phone to ring four (4) times, hung up and then immediately called again and allowed the phone to ring four (4) times before hanging up a second time.

17. Defendant FRA continued to harass Plaintiff in a manner violating 15 U.S.C. 1692(d) by making continuous calls and causing the telephone to ring repeatedly or continuously in a manner intended to annoy, abuse or harass Plaintiff.

18. Defendant failed to validate debts within five (5) days following the initial communication with consumer in connection with the collection of any debt in violation of 15 U.S.C. 1692(g).

19. Upon information and belief, Defendant used an automatic telephone dialing system and artificial prerecorded voice to make multiple calls to Plaintiff for non-emergency purposes and without the express consent or prior business relationship with Plaintiff in violation of the TCPA. Defendant further failed, in its prerecorded messages, to state clearly the identity of the business, individual or other entity initiating the call, as required by law of federal and Arkansas State Law.

20. Plaintiff mailed a letter to the FRA via certified mail, return receipt restricted on February 24,

2010, notifying FRA that it was to "immediately cease and desist attempting to contact me or anyone in my household by telephone. Please remove the above referenced phone number from your auto-dialing system. Any further communication from your company must be done in writing only." This letter was received by Michelle Sanchez of FRA on or before March 1, 2010.

21. Even after receiving written communication from Plaintiff requesting communication in writing, Defendant FRA failed to send any written communication listing the origin or amount of the debt.

22. Defendant FRA never validated the debt as required by law and has provided Plaintiff no documentation substantiating its claim.

23. Defendant FRA, by and through its agents, harassed Plaintiff.

24. Defendant's harassing and threatening telephone calls caused undue emotional distress to Plaintiff. Since that time, Plaintiff has continued to suffer undue emotional distress, as the unsupported debt has been reported to collection agencies.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTIONS PRACTICES ACT

25. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Defendant violated the FDCPA generally;

    b.  Harassing, oppressing or abusing Plaintiff with the collection of a debt, in violation of 15 U.S.C. § 1692(d);

    c.  Failing to validate debts within five (5) days following the initial communication with consumer in connection with the collection of any debt in violation of 15 U.S.C. 1692(g).

    d.  Using false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692(e);

    e.  Falsely representing the character, amount or legal status of a debt, in violation of 15 U.S.C. §1692(e)(2);

    f.   Using false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.S. §1692 (f);

    g.   By failing to provide verification of the alleged debt;

    h.   By overshadowing Plaintiff's right to dispute the debt;

    i.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA;

26. As a result of Defendant's aforementioned violations, Plaintiff has suffered and continues to suffer emotional distress.

27. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

28. Upon information and belief, at all times relevant hereto, Defendant used, controlled and or operated "automatic telephone dialing systems" as defined by § 227(a)(1) of the TCPA.

29. Defendant initiated approximately (28) telephone calls to Plaintiff's telephone via auto dialing and on at least three (3) occasions used artificial and or prerecorded voices to deliver messages without the express consent of Plaintiff, in violation of 47 U.S.C. §227(b).

30. The acts and or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense justification or legal excuse.

31. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and reasonable attorney's fees and costs.

## COUNT III
## DEFENDANT VIOLATED THE
## ARKANSAS DECEPTIVE TRADE PRACTICES ACT

32. Defendant's actions constitute unfair or deceptive trade practices within the meaning of the Arkansas Deceptive Trade Practices Act, as defined by A.C.A. § 4-88-101 *et seq.*

33. Plaintiff is entitled to recover actual damages and reasonable attorneys' fees and costs.

34. Plaintiff is entitled to injunctive relief against the Defendant and all others acting in concert with them, enjoying abusive debt collection practices which are directed against Arkansas residents.

## COUNT IV
## RESPONDEAT SUPERIOR LIABILITY

35. The acts and omissions of FRA employees, described further herein, were committed within the time and space limits of their relationship with their principal, Defendant FRA.

36. Defendant authorized and ratified the tortuous conduct of the individual collectors and agents through various means, including the acceptance of fees and monies generated by the collectors' activities.

37. The acts and omissions by FRA employees and agents were incidental to, or of the same general nature as, the responsibilities agents were authorized to perform by Defendant FRA in collecting consumer debts. Therefore, the illegal actions of the collectors were fully within the scope of their employment by Defendant.

38. In committing these acts and omissions against Plaintiff, FRA employees and agents were motivated to benefit their principal, Defendant FRA.

39. Defendant FRA had a duty to ensure that debt collection activities undertaken by the employees and agents of FRA were conducted within the bounds of the law.

40. Defendant FRA knew or should have known these actions taken by FRA and FRA employees described herein were tortuous and violated the FDCPA, the TCPA, and the Arkansas Deceptive Trade Practices Act.

## COUNT V
## NEGLIGENT HIRING, RETENTION AND SUPERVISION

41. Defendant FRA negligently hired persons of dubious character to perform collection activities.

42. Defendant FRA negligently failed to adequately supervise the individual collectors.

43. Defendant FRA negligently retained individual collectors who repeatedly violated consumer protection laws.

44. Defendant FRA therefore breached the duty to ensure debt collection activities undertaken by its employees and agents were in compliance with all consumer protection statutes and the common law.

45. Plaintiff suffered damages that were proximately caused by the Defendant's breach of that duty. Plaintiff is therefore entitled to recover compensatory damages.

WHEREFORE, Plaintiff, Rick Holman, respectfully pray for judgment as follows:

   a.  Declaratory judgment that Defendant's conduct violated the FDCPA and TCPA;

   b.  For actual and statutory damages for violations of the FDCPA and TCPA;

   c.  For actual damages for violations of the Arkansas Deceptive Trade Practices Act;

   d.  For damages under the doctrine of respondeat superior;

   e.  For compensatory damages for negligent hiring, supervision and retention;

   f.  For reasonable attorney's fees, witness fees, court costs and other litigation expenses incurred by Plaintiff;

   g.  And for all other just and appropriate relief deemed by this Court.

**JURY TRIAL DEMANDED.**

Respectfully Submitted,
Rick Holman, Plaintiff

By: _Jennifer Lueker DuCharme_
Jennifer Lueker DuCharme
ABA No. 2007248
Wayne Young Law Firm, P.A.
3561 N. College Ave.
Fayetteville, AR 72703
PHONE: (479) 571-8696
FAX: (470) 571-8984
Email: jducharme@wayneyoung.com